**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Suzanne Therese Borsody

    v.                            Civil No. 12-cv-071-PB

Michael J. Astrue, Commissioner,
Social Security Administration

**O R D E R**

Citing 42 U.S.C. § 405(g), claimant Suzanne Therese Borsody appeals a decision of the Administrative Law Judge ("ALJ"), denying her claim for disability benefits under Title II of the Social Security Act. Because Borsody is proceeding pro se and in forma pauperis, the complaint (doc. no. 1) is before the court for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

Under this court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review of the complaint. See LR 4.3(d)(1)(B). Pro se pleadings are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see

also <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

## Background

Borsody has asserted in the complaint (doc. no. 1) that she suffers from bipolar disorder, fibromyalgia, carpal tunnel syndrome, degenerative disc disease of the spine, and knee pain. Borsody, who currently resides in New Hampshire, asserts that she filed a claim for social security disability benefits on June 5, 2008, in Florida, where she was living at that time.

In July 2010, an ALJ in Florida held a hearing on Borsody's claim.  At that hearing, Borsody was represented by local counsel.  The ALJ denied Borsody's claim on September 1, 2010. Borsody first learned of the denial of her claim more than seventeen months later, on February 14, 2012, when the ALJ's secretary faxed a copy of the adverse decision to Borsody's lawyer.  On that date, the secretary told Borsody's lawyer that she was uncertain if the decision had been mailed previously. Neither Borsody nor her lawyer had received any correspondence from the ALJ prior to that date, despite making multiple inquiries as to the status of the case after the hearing and even though Borsody provided the ALJ with a notice of her change of address.

On February 17, 2012, Borsody's counsel filed in the Appeals Council a request for an extension of time to challenge the ALJ's September 2010 denial of Borsody's claim.  One week later, on February 24, 2012, Borsody filed this action in federal court.  At the time she filed the complaint, Borsody had not yet received any response from the Appeals Council on the request for an extension of time to file an administrative appeal.

## Discussion

Section 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"):

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g).  A claimant who files a timely administrative appeal of the ALJ's decision with the SSA Appeals Council may obtain judicial review of the Appeals Council's decision.  See 20 C.F.R. §§ 404.981; 422.210(a).  An ALJ decision is judicially reviewable if the Appeals Council denies the claimant's timely request for further agency review.  See 20

3

C.F.R. § 404.955(b).  A claimant may establish "good cause" for missing the regulatory deadline for an administrative appeal of the ALJ's decision if she shows that she did not receive notice of that decision.  See 20 C.F.R. §§ 1416.1411(b) & 1416.1468(b).

Borsody asserts that this action is ripe for judicial review because the ALJ did not provide her with a timely notice of the denial of her claim.  At the time Borsody had filed her complaint in this court, however, Borsody had not received any response from the Appeals Council on her one-week old request for leave to appeal the ALJ's September 2010 decision.

Borsody has not provided this court with any update of the status of her administrative appeal since filing her complaint in February 2012.  In the interim, the Appeals Council may have granted the requested extension and disposed of Borsody's appeal.

This court has the authority to provide Borsody with an opportunity to amend her complaint to include an updated statement of the status of her administrative appeal of the ALJ's decision.  See LR 4.3(d)(1)(B) (magistrate judge may grant plaintiff leave to file amended complaint).  Accordingly, to avoid any unnecessary action or improvident ruling on Borsody's complaint (doc. no. 1), the court will provide Borsody an opportunity to update the court's record.  Upon receipt of

Borsody's response to this order, the court will determine whether the case may proceed.

## Conclusion

The court hereby grants Borsody leave, within 30 days of the date of this Order, to file an amended complaint stating whether or not the Appeals Council has taken action on her request for an extension of time to appeal the ALJ decision, and, if it has granted that request, Borsody shall include in her amended complaint a statement of the Appeals Council's disposition of her appeal. If the Appeals Council has not yet ruled on Borsody's appeal, she must so notify this court in her amended complaint. To comply with this order, Borsody may file a copy of any notice or other decision that she has received from the Appeals Council.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 15, 2012

cc: Suzanne Therese Borsody, pro se

LBM:nmd

5