**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Suzanne Therese Borsody

    v.                               Civil No. 12-cv-071-PB

Michael J. Astrue, Commissioner,
Social Security Administration


**REPORT AND RECOMMENDATION**


Citing 42 U.S.C. § 405(g), claimant, Suzanne Therese Borsody, appeals a decision of the Administrative Law Judge ("ALJ"), denying her claim for disability benefits under Title II of the Social Security Act.  Because Borsody is proceeding pro se and in forma pauperis, Borsody's Amended Complaint (doc. no. 4) is before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).


Standard for Preliminary Review

Pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of in forma pauperis complaints and any amendments thereto, before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, grant the

plaintiff leave to file an amended complaint, or, as
appropriate, recommend to the district judge that one or more
claims be dismissed if:  the court lacks subject matter
jurisdiction, a defendant is immune from the relief sought, the
complaint fails to state a claim upon which relief may be
granted, the allegation of poverty is untrue, or the action is
frivolous or malicious.  See LR 4.3(d)(1)(B).  Pro se pleadings,
in general, are construed liberally to avoid inappropriate
dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per
curiam).

## Background

Borsody has asserted in the amended complaint (doc. no. 4)
that she suffers from bipolar disorder, fibromyalgia, carpal
tunnel syndrome, degenerative disc disease of the spine, and
knee pain.  Borsody, who currently resides in New Hampshire,
asserts that she filed a claim for social security disability
benefits on June 5, 2008, in Florida, where she was living at
that time, and that, after a hearing, the Florida ALJ denied
Borsody's claim on September 1, 2010.

Borsody, who was represented by counsel during the Florida
proceedings, first learned of the denial of her claim more than

seventeen months later, on February 14, 2012, when the ALJ's
secretary faxed a copy of the adverse decision to Borsody's
Florida lawyer.  On that date, the secretary said that she was
uncertain if the decision had been mailed previously.  Neither
Borsody nor her lawyer had received any correspondence from the
ALJ prior to that date, despite making multiple inquiries as to
the status of the case, and even though Borsody had provided the
ALJ with a notice of her change of address.

On February 17, 2012, Borsody's counsel filed in the
Appeals Council a request for an extension of time to challenge
the ALJ's September 2010 denial of Borsody's claim.  One week
later, on February 24, 2012, Borsody filed this action in
federal court.  As of May 29, 2012, neither Borsody nor her
Florida counsel had received any response from the Appeals
Council on the request for an extension of time to file an
administrative appeal.

<u>Discussion</u>

Section 405(g) provides for judicial review of a final
decision of the Commissioner of the Social Security
Administration ("SSA"):

3

> Any individual, after any final decision of the
> Commissioner . . . made after a hearing to which he
> was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a
> civil action commenced within sixty days after the
> mailing to him of notice of such decision or within
> such further time as the Commissioner of Social
> Security may allow. . . .

42 U.S.C. § 405(g).

A claimant for social security disability benefits is generally required to exhaust administrative remedies before filing a lawsuit.  See id.  To exhaust administrative remedies, a claimant must generally proceed through all stages of the administrative appeals process, which culminate in a final decision from the Commissioner, before filing a lawsuit.  The agency's regulations state that an ALJ decision is judicially reviewable if the Appeals Council denies the claimant's timely request for further agency review, see 20 C.F.R. § 404.955(b), and that the Appeals Council may accept a late-filed administrative appeal of the ALJ's decision if the claimant shows that she did not receive timely notice of that decision.  See 20 C.F.R. §§ 1416.1411(b) & 1416.1468(b).

The exhaustion requirement provides the agency with an opportunity to function efficiently, correct its mistakes, and compile a complete record.  See Bowen v. City of New York, 476

U.S. 467, 484 (1986).  The exhaustion requirement may be waived in certain cases where those purposes would not served by delaying judicial review, the lawsuit presents a collateral challenge to a denial of benefits, or the plaintiff would be irreparably injured in a manner that may not be remedied by a retroactive payment of benefits after the administrative appeals process has ended.  See id.

Here, Borsody has neither specifically requested, nor otherwise shown, that a waiver of the exhaustion requirement is appropriate at this time.  Her claim is a direct challenge to the denial of benefits, and further agency review of the ALJ's denial of her claim may generate a more complete record, allow the Appeals Council to complete action on her request for an extension of an appeal deadline, and enable the agency to correct its own mistakes, if any were made.  While the court notes that delays in processing Borsody's claim may be augmenting her financial distress, a retroactive award of benefits could reduce the impact of that delay when the administrative process ends.  The court finds that a waiver of the exhaustion requirement is not warranted in this case.

Accordingly, the court should dismiss this action without prejudice, to enable Borsody to obtain an Appeals Council ruling on her motion to extend the deadline for appealing the ALJ's denial of her claim, and to proceed to obtain a final decision of the Commissioner on that claim, before she files an action in this court.  Accepting this recommendation will preserve Borsody's ability to file a lawsuit in the future if she intends to challenge the SSA Commissioner's final decision denying her claim for benefits.  See 42 U.S.C. § 405(g) (lawsuit may be filed up to 60 days "after" claimant receives notice of Commissioner's final decision, or within such further time as Commissioner allows).

## Conclusion

For the foregoing reasons, the court should dismiss Borsody's amended complaint (doc. no. 4) without prejudice to Borsody's ability to file a lawsuit after she receives a final decision of the Commissioner, in accordance with 42 U.S.C. § 402(g).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya B. McCafferty
United States Magistrate Judge


Date:  June 19, 2012

cc:    Suzanne Therese Borsody, pro se

LBM:nmd